**BOLGER v. MARSHALL, Secretary of National Defense, et al.**

No. 10807.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 15, 1951.

Decided Nov. 15, 1951.

H. Edward Chozick, Washington, D. C., for appellant.

David Orlikoff, Attorney, Department of Justice, Washington, D. C., of the Bar of the Court of Appeals of New York, *pro hac vice,* by special leave of Court, with whom George Morris Fay, U. S. Atty., at the time the brief was filed, Washington, D. C., and Asst. Atty. Gen. Newell A. Clapp were on the brief, for appellees. Charles M. Irelan, appointed U. S. Atty. subsequent to the argument in this case, Washington, D. C., also entered an appearance for appellees.

Before PROCTOR, BAZELON and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

▇ Ruth F. Bolger, a former enlisted member of the Women's Army Corps, brings this appeal from an order of the District Court granting a motion to dismiss her complaint. The essential facts alleged in the complaint, and assumed to be true for purposes of the motion to dismiss are these: Appellant re-enlisted in the WAC on August 2, 1946, expecting an assignment to the European Theatre. Instead she was assigned to various places within the continental United States and eventually was ordered to a WAC detachment in San Francisco, California, where, on May 4, 1947, she was separated from the service "without any cause, justification or excuse and against her will." Although she was given an "Honorable Discharge," a notation appears thereon indicating that her separation from the service was made pursuant to the authority of paragraph 2, Letter, Headquarters Sixth Army, dated 18 October 1946. Reference to that letter reveals the following content:

"Subject: Elimination of Military Personnel:

"Officers and enlisted personnel other than regular army will be separated as surplus for the convenience of the government:

"(c) Inability to adjust and conform to group living."

Her request for a hearing in connection with the reasons for discharge was denied, notwithstanding the right of enlisted personnel to such procedure where they have been discharged for "inaptitude or unsuitability"[1] or for "unfitness."[2] Alleging exhaustion of "all rights of appeal before any Army administrative boards," appellant now seeks a declaratory judgment fixing her status as a member of the WAC and for relief in the nature of mandamus vacating her discharge and restoring her to rank in the WAC. On oral argument before this court, counsel for the appellant contended that if the court was without jurisdiction to grant the specific relief sought, it could in any event direct appellees to afford the opportunity for hearing provided by Army Regulation 615–369[1] or Army Regulation 615–368[2] in cases like appellant's.

Appellees' motion to dismiss is based upon two propositions: First, the decision of the Secretary of the Army in this case is not subject to control by mandamus. Second,

---

[1]. A discharge for inaptitude is authorized when an individual "does not possess the required degree of adaptability for military service after reasonable attempts have been made to reclassify and reassign him in keeping with his abilities and qualifications." Army Reg. 615–369, § 1 (Oct. 1948). A discharge for unsuitability is authorized for persons unsuitable for further military service because of "lack of physical stamina, * * * [certain] character and behavior disorders, * * * mental deficiency, apathy, defective attitudes, and inability to expend effort, nonpersistent but temporarily disruptive reactions to acute or special stress, * * * [and] enuresis." Id. at § 2. A General Discharge is authorized for either the § 1 or § 2 type of situation. Id. at § 7.

[2]. Discharges for unfitness are authorized where an individual has demonstrated that he is totally unfit for further retention in military service, and repeated attempts at rehabilitation have failed. The reasons for such a discharge range from "unclean habits" to "habitual shirker." Army Reg. 615–368, § 1 (Oct. 1948). Unfitness calls for a General Discharge. Id. at § 5.

there is no right to a hearing under Army regulations in cases of Honorable Discharge.

■ Appellees do not, however, raise an issue which we believe we are bound to resolve before considering their substantive arguments. That issue is whether appellant has in fact exhausted all available administrative remedies. Appellees' failure to contest the allegation of exhaustion cannot foreclose us from inquiry into it since exhaustion is a matter which involves the District Court's authority to entertain the suit —whether because it is a jurisdictional prerequisite or the result of a "long-settled rule of judicial administration". Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 50, 58 S.Ct. 459, 463, 82 L.Ed. 638.

From what appears in the briefs, joint appendix and arguments of counsel, it seems clear to us that appellant has not in fact exhausted her administrative remedies. The only remedy which she has pursued is that afforded by the Army Board on Correction of Military Records.[3] That Board was created by the authority of § 207 of the Legislative Reorganization Act of 1946 providing that:

"The Secretary of the Army, the Secretary of the Navy, and the Secretary of the Treasury with respect to the Coast Guard, respectively, under procedures set up by them, and acting through boards of civilian officers or employees of their respective departments, are authorized to correct any military or naval record where in their judgment such action is necessary to correct an error or to remove an injustice." 60 Stat. 837 (1946), as amended, 61 Stat. 501 (1947), 5 U.S.C.A. § 191a.

■ That this procedure was never intended to supplant other applicable remedies is made abundantly clear both by the legislative purpose[4] and the regulations promulgated pursuant to this section. Those regulations provide that "No application will be considered until the applicant has exhausted all remedies afforded him by existing law or regulations." 32 Code Fed. Regs. § 581.3(g) (1949).

Appellant had and continues to have such a remedy available under the Servicemen's Readjustment Act of 1944.[5] That Act provides: "The Secretary of the Army * * * [is] authorized and directed to establish in the Department of the Army * * * [a] board of review composed of five members * * * whose duties shall be to review, on their own motion or upon the request of a former officer or enlisted man or woman or, if deceased, by the surviving spouse, next of kin, or legal representative, the type and nature of his discharge or dismissal, except a discharge or dismissal by reason of the sentence of a general court martial." 58 Stat. 286 (1944), as amended, 38 U.S.C.A. § 693h.

■ Although it is not necessary to our decision, we may safely assume that the Army Board on Correction of Military Records refused to act on the merits because it was of a like view.[6] Exhaustion of this remedy is a necessary prelude to judicial consideration. We therefore conclude that this suit is premature and must be barred because of appellant's failure to comply with the familiar rule requiring exhaustion of all available administrative remedies before judicial relief may be sought.

In view of our disposition of this appeal, consideration of the other issues would be without purpose.

Affirmed.

---

3. See Brief for Appellant, pp. 3–4; Brief for Appellees, pp. 6–7; Joint Appendix, pp. 9, 15, 35. Her application was rejected "on the ground that plaintiff has failed to establish a sufficient basis for review." Motion for reconsideration was likewise rejected. Brief for Appellant, pp. 3–4.

4. See 40 Ops.Att'y Gen. 504 (1947); 41 Ops.Att'y Gen.No.1 (1949).

5. We do not say, of course, that the Army Discharge Review Board can or should grant the relief sought in the District Court. These are matters for determination in the first instance by that Board and not by us. Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 48–52, 58 S.Ct. 459, 82 L.Ed. 638.

6. See note 3, supra.