**Gail Waugh DOWNEN, Plaintiff,**

**v.**

**John H. CHAFEE, Secretary of the Navy, and Leonard F. Chapman, Jr., Commandant, U. S. Marine Corps, Defendants.**

**Civ. No. 70–410.**

United States District Court,
S. D. California.

June 18, 1971.

———◆———

Daniel B. Hunter, Hunter, Dougherty & Renshaw, San Diego, Cal., for plaintiff.

Harry D. Steward, U. S. Atty., Keith E. McWilliams, Asst. U. S. Atty., for defendants.

## MEMORANDUM DECISION AND ORDER

THOMPSON, District Judge.

On January 31, 1969, plaintiff, a woman serving as a regular officer in the United States Marine Corps, was discharged from the service pursuant to the provisions of Paragraph 2102.3c, Marine Corps Separation Manual,[1] which requires termination of the commission of any woman serving in the Regular Marine Corps when it is reported that she "is the step-parent of a child under the age of 18 years who is within the household of the woman for a period of more than thirty days a year * * *." Plaintiff contends that these regulations constitute unlawful violations of her rights guaranteed by the Due Process Clause of the Fifth Amendment in that said regulations invidiously discriminate against plaintiff solely by reason of her sex, there being no similar regulations applicable to male officers of the Marine Corps.

Approximately four months prior to her separation from the Marine Corps, plaintiff married the natural father of two minor children, who at all times relevant herein were within the care, custody, and control of their father. Plaintiff, her husband, and the aforesaid children have all since resided together in the family home.

On December 14, 1970, plaintiff filed the instant action seeking declaratory relief, to wit: that her discharge be declared unlawful and in violation of due process of law; ordering the defendants to restore her to active duty and to the rank to which she is entitled; ordering that all back pay and allowances be paid to her; for other appropriate relief.

Defendants have moved for an order dismissing the action, and have tendered three issues for consideration: 1) whether plaintiff has failed to exhaust her administrative remedies, thus depriving this court of subject matter jurisdiction; 2) whether the relief sought is properly the subject of a declaratory judgment; 3) whether this court is deprived of jurisdiction by 28 U.S.C. §§ 1346(a) (2) and 1346(d) (2).

Now having examined all the files, documents, and records herein, the cause having been submitted for decision without oral argument, and the court being

1. C.F.R. § 714.1(d) (3) (i) (c).

fully advised in the premises, the court renders its decision.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

This issue is not without difficulty, there having been presented to the court valid arguments on behalf of both parties. By the provisions of 10 U.S.C. § 1552, the Secretary of each military department is given the authority, acting through boards of civilians and pursuant to procedures which he shall establish, to correct any military record when he considers it necessary to correct an error or remove an injustice. Pursuant to that statute the Secretary of the Navy has created a Board for Correction of Naval Records and has established procedures for the functioning of that Board. 32 C.F.R. Part 723. Section 723.2(b) thereof provides that the "function of the Board is to consider all applications before it for the purpose of determining the existence of an error or an injustice." Subsection (c) thereof gives the Board jurisdiction "to review and determine all matters properly brought before it, consistent with law." Defendants argue that plaintiff's failure to seek review of her discharge before this Board deprives this court of jurisdiction.

Plaintiff concedes that she has failed to present her case to the Board; she also concedes that neither the statutes nor the regulations expressly deny the Board the power to restore her to her former rank. Notwithstanding those concessions, however, plaintiff argues that she need not exhaust that remedy because the Board does not have the authority to grant all the relief she seeks.

Defendants have cited several cases in support of their position that exhaustion, in a case such as this, is a prerequisite to district court jurisdiction. Only two of those cases, however, deal with the specific situation presented here—an attempt by a discharged member of the armed services to compel the service to restore that member to active duty with the rank held at discharge. The case of Bolger v. Marshall, 90 U.S.App.D.C. 30, 193 F.2d 37 (1951), is almost directly on point. Bolger was an enlisted member of the Woman's Army Corps. She was separated from the service with an' Honorable Discharge, although the underlying reason was her alleged inability to adjust and conform to group living. She sought a declaratory judgment fixing her status as a member of the WAC and for mandamus relief vacating her discharge and restoring her to her former rank. Plaintiff had previously sought relief before the Army Board on Correction of Military Records, but her application was rejected because "plaintiff has failed to establish a sufficient basis for review." 193 F.2d at 39 n. 3. The court concluded, however, that plaintiff still had a further remedy available—an application to the Army Discharge Review Board. The court held that exhaustion of that remedy was a necessary prelude to judicial consideration. Of particular relevance was the court's comment in footnote 5: "We do not say, of course, that the Army Discharge Review Board can or should grant the relief sought in the District Court. These are matters for determination in the first instance by that Board and not by us."

In *Bolger* the plaintiff went one step further than the plaintiff in the instant case. Bolger sought relief before the Board on Correction of Military Records; the plaintiff here did not seek that relief. Nevertheless, the *Bolger* court held that plaintiff had failed to exhaust a further remedy and dismissed the case, notwithstanding the fact that it was not convinced that Bolger could obtain the type of relief she sought before the Discharge Review Board. The court wanted that Board to decide what type of relief it could provide.

It should be noted that the Navy Discharge Review Board, as presently endowed, has been expressly denied the authority to revoke any discharge or dismissal, or to reinstate any person in the military service subsequent to discharge or dismissal, although it does have the authority to recommend re-enlistment. 32 C.F.R. § 724.2(c). Therefore, it is

fair to surmise that the *Bolger* court sitting today might not require a plaintiff to seek review before that Board. But there is no reason to expect that it would still not require exhaustion of the remedy provided by the Board on Correction of Military Records.

It should also be noted that the *Bolger* case is still viable in the Ninth Circuit. The case was cited in *dicta* as late as 1969. Craycroft v. Ferrall, 408 F.2d 587, 597 (9th Cir. 1969).

The second case involving an attempt to compel reinstatement is Carter v. Seamans, 411 F.2d 767 (5th Cir. 1969). Carter had been discharged from the Air Force under conditions other than honorable. He sought a declaratory judgment that the discharge was a nullity and ordering the Secretary of the Air Force to reinstate him and to award him all back pay, allowances, and other benefits accruing from the date of discharge, and to correct his records to reflect promotion at regular intervals. Exhaustion of remedies was not an issue *per se,* and there was no mention of the Air Force equivalents to either the Board on Correction of Military Records or the Discharge Review Board. The court interpreted the case as essentially one for a money judgment against the United States for an amount in excess of $10,000, and concluded that it would be improper to grant relief by way of mandamus because an alternate adequate remedy was available to Carter in the form of an action in the Court of Claims. The *Carter* case is thus distinguishable from the instant matter, at least on the question of exhaustion, since the district court's jurisdiction vis-a-vis that of the Board for Correction of Naval Records, or the Air Force equivalent, was not in issue. It is interesting to note, however, that the court was of the opinion that the Court of Claims had the authority to grant all of the relief requested by Carter.

Also cited by defendants is Stanford v. United States, 413 F.2d 1048 (5th Cir. 1969). Plaintiff was seeking to nullify his dishonorable discharge. The court held that plaintiff had failed to exhaust his administrative remedies afforded by 10 U.S.C. § 1552. But this case is also distinguishable, in that it does not appear that plaintiff was seeking reinstatement.

Without discussing *Bolger* and its progeny, plaintiff argues that resort to the Board for Correction of Naval Records is futile, since neither that Board nor the Secretary of the Navy has the power to restore a commissioned officer to duty after having been honorably discharged. Primary reliance is placed upon an advisory opinion of the Attorney General of the United States. 41 Ops.Atty.Gen. 10 (1948). The Board had directed the Commandant of the Marine Corps to initiate and take the necessary action to restore a 2d lieutenant to his former position as a 1st lieutenant, with the same seniority he would have had had his resignation not been effected. The Secretary of the Navy requested the advice of the Attorney General concerning his authority to comply with that decision.

The Attorney General viewed the case as one involving promotion, and concluded that only the President had the power to accomplish the restoration. The opinion pointed out that the method by which the Board's recommendation was to be accomplished was left to the discretion of the Secretary. The Board's decision was viewed as a finding that an injustice had occurred, coupled with a recommendation that the Secretary take action to remove the injustice. The Attorney General concluded that a recommendation by the Secretary to the President worded so as to accomplish the result contemplated by the finding of the Board would not be unprecedented.

This opinion would seem to undermine rather than support the plaintiff's position. While it does indicate that the Board itself could not grant complete relief, it also indicates that the Board could in fact initiate action at a higher administrative level which could result in a satisfaction of plaintiff's complaint. It does not appear, then, that resort to the Board would be an illusory remedy.

Based upon the foregoing, the court is unable to conclude that the administrative remedy is inadequate, or that exhaustion is not required. Plaintiff should be required to seek relief before the Board for the Correction of Naval Records before pursuing her action in the district court. Since failure to exhaust administrative remedies deprives the court of subject matter jurisdiction, that issue is dispositive of the case at this time. Therefore, it is unnecessary to reach the additional issues raised by defendants.

The only question remaining is what disposition should be made of the case. In light of plaintiff's admission in its opposition to the motion to dismiss that an amendment to the complaint would be necessary to resist defendant's third basis for dismissal, nothing would be gained by staying these proceedings pending plaintiff's exhaustion of her administrative remedy.

Accordingly,

It is ordered that defendant's motion to dismiss be and the same is hereby granted without prejudice to the plaintiff's right to reinstitute the action at a later time.