Captain William **SHERENGOS**, United
States Air Force, Appellant,

v.

Robert **SEAMANS**, Secretary of the Air
Force, Appellee.

No. 15013.

United States Court of Appeals,
Fourth Circuit.

Oct. 12, 1971.

James B. Craven, III, and Robinson O.
Everett, Durham, N. C., for appellant.

Richard J. Bryan, Asst. U. S. Atty.
(Warren H. Coolidge, U. S. Atty., on the
brief), for appellee.

Before HAYNSWORTH, Chief Judge,
and BRYAN and WINTER, Circuit
Judges.

HAYNSWORTH, Chief Judge:

The plaintiff appeals from the dismissal for failure to exhaust available administrative remedies of his complaint seeking an injunction prohibiting his discharge from the Air Force. We affirm.

Sherengos has been a member of the Armed Forces since 1953. He was promoted to the permanent rank of captain in the Air Force in 1960. Thereafter he was passed over for temporary promotion on three occasions and for permanent promotion twice. Because of his failure to achieve promotion, he became subject to separation from the service. Notified that he would be separated on May 30, 1968, he resigned on that date, receiving an honorable discharge. He then elected to remain on active duty on a temporary basis for so long as his services should be required. On December 18, 1968 he was notified that his services on a temporary status were no longer required and that he would be separated on June 30, 1970.

On June 18, 1970 Sherengos filed an Application for Correction of Military Records pursuant to Air Force Regulation 31–3 and an Application for Correction of Officer Evaluation Reports pursuant to Air Force Regulation 31–11. Both applications were based on the claim that improper entries had been in-

cluded in his evaluation reports, which resulted in his failure of promotion. On the same day he filed an application for continuance on active duty to avert serious hardship.[1] He then filed the present action in the district court.

After the complaint was filed, but before the hearing in the district court, the three administrative applications were denied. The application to the Board for Correction of Military Records was returned for noncompliance with paragraph 7 of Air Force Regulation 31–3, which requires that other administrative remedies be exhausted before resort is had to the Board. The application to correct the evaluation reports was returned for failure to "support all allegations with documented evidence."

Subsequent to the dismissal of his action Sherengos was separated and allowed to re-enlist as a sergeant in order to complete twenty years of service. We were advised in oral argument that he has failed effectively to pursue his administrative applications.[2]

Sherengos concedes that he has not exhausted administrative remedies but urges that the exhaustion requirement not be applied to him on the ground that they have been made unavailable. The argument is premised on the refusal of the Board for Correction of Military Records to consider his application until he has exhausted his other administrative remedies. We do not agree.

The Air Force Board for Correction of Military Records was created by act of Congress.[3] It has broad jurisdiction over a wide variety of complaints of injustice. Unlike the specialized boards with limited jurisdiction, its membership is composed of civilians. The Boards for the various services were established in 1946, after Congress found itself overwhelmed with requests for private bills to correct individual injustices to servicemen. The statute was designed to create a civilian administrative body of last resort to free Congress of the burden of dealing with individual applications.[4] It was not intended as a substitute for the functions either of specialized military review boards or of the courts.[5] Located as it is at the apex of a pyramidal system of specialized boards of review, the Board for Correction of Military Records cannot function effectively if the specialized military boards are bypassed and it is used as a forum for presenting complaints in the first instance.

Nor do we see in the delay in processing Sherengos' various applications, almost all of which is attributable to him rather than to the Air Force, any indication of ineffectiveness of administrative remedies.

Affirmed.

1. The notice of separation was pursuant to a memorandum advising that all officers who had twice failed of promotion to major and who had not attained eighteen years service would be separated. Allowance was made for retention of officers with less than eighteen years service whose separation would result in extreme and undue hardship. Officers denied retention on hardship grounds retained the option of re-enlisting as enlisted men in order to complete twenty years of service, necessary to qualify for retirement benefits. Such benefits would be based on their former commissioned rank and not on their subsequent re-enlistment rank.

2. Sherengos took no action between July and October 1970, when he resubmitted his application to correct his effectiveness reports. However, because of his change in status to enlisted man, the application was required to be submitted to a different board, to which he has not yet made application.

3. 10 U.S.C.A. § 1552.

4. Ogden v. Zuckert, 111 U.S.App.D.C. 398, 298 F.2d 312; see also 40 Op. Atty.Gen. 504; 41 Op.Atty.Gen. January 22, 1951.

5. Ogden v. Zuckert, supra; Bolger v. Marshall, 90 U.S.App.D.C. 30, 193 F.2d 37.