**Danny Ray SLOOPE**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary.**

**Civ. A. No. 6002–R.**

United States District Court
E. D. Virginia,
Richmond Division.

Oct. 4, 1968.

**MEMORANDUM**

MERHIGE, District Judge.

Petitioner filed a petition for a writ of habeas corpus on October 2, 1968. In view of the fact that the prisoner, a layman, was without the benefit of professional legal assistance in drafting the instant petition, formal niceties will not be insisted upon; it is sufficient that the Court can fairly gather the true purpose of the petition.

"An unassisted petitioner's allegations should be liberally construed in determining the nature of the claim asserted." Macklin v. Peyton, No. 12,114 (4th Cir. 1968) (Mem. Dec.)

Accordingly, this Court will treat the petition originally filed against the State of Maryland, as a petition for relief under the All Writs Act, 28 U.S.C. § 1651, against the Superintendent of the Virginia State Penitentiary, C. C. Peyton.

Petitioner alleges he is presently serving a five year sentence pursuant to a conviction of the Hustings Court for the City of Richmond, and that a detainer warrant has been filed against the petitioner by the Montgomery County, Mary-

land authorities for an alleged burglary and larceny, allegedly committed over three years ago.

The Court finds the essence of the petitioner's complaint to be that the detainer filed against him:

1. Serves to reduce or make impossible shortening the period of his incarceration pursuant to the Virginia conviction by way of parole, and

2. Lengthens the delay of the pending trial in Maryland, thereby denying him the right to a speedy trial.

In Judge Sobeloff's opinion in the case of Pitts v. State of North Carolina, 395 F.2d 182 (1968), the Fourth Circuit Court of Appeals accepted the contention of many jurisprudential writers that:

"Requests to an imprisoning jurisdiction to detain a person upon his release so that another jurisdiction may prosecute or incarcerate him may be filed groundlessly, or even in bad faith, * * * The accusation in a detainer need not be proved; no judicial officer is involved in issuing a detainer. As so often happens, THE RESULT OF THE THEN UNESTABLISHED CHARGE UPON WHICH THE DETAINER IN THIS CASE RESTED WAS THAT THE DETAINEE WAS SERIOUSLY HAMPERD IN HIS QUEST FOR A PAROLE * * *. See Detainers and the Correctional Process, 1966 Wash. U.L.Q. 417, 418; The detainer; A Problem in Interstate Criminal Administration, 48 Colum.L.Rev. 1190, 1193 (1948)." (Emphasis added). *Pitts*, supra, at pp. 188-189.

The Court additionally pointed out:

"Most importantly, perhaps, detainers may seriously handicap rehabilitative efforts. See Caldwell, Criminology, 686 (1965)." *Pitts*, supra, at p. 188.

Accordingly, the Court treats the allegations of this petitioner to be that the acceptance of the detainer by the respondent does in fact present the issue of a present burden upon the petitioner; and in addition thereto, his allegation in reference to an alleged denial of the right to a speedy trial raises valid federal questions.

The Court will therefore accept the petition as amended by this Court and direct the respondent to answer same. The Court requests the respondent to notify the authorities of the State of Maryland of the posture of the instant action.