**Richard Lee DIXON, Appellant,**

v.

**STATE OF TENNESSEE et al., Appellee.**

**No. 18352.**

United States Court of Appeals
Sixth Circuit.

Nov. 29, 1968.

Richard Lee Dixon, in pro. per.

James C. Dale, III, Special Counsel, State of Tennessee, Nashville, Tenn., for respondent, George F. McCanless, Atty. Gen., State of Tennessee, of counsel.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

Appellant Dixon is presently confined in the Federal penitentiary at Leavenworth under a Dyer Act conviction. An indictment is pending against him in the Criminal Court of Shelby County, Tennessee. Dixon filed this action to compel

the District Attorney General of Shelby County either to bring him to trial or to dismiss the charge against him, claiming that he is being deprived of his constitutional right to a speedy trial.

This appeal is from the judgment of the District Court denying a petition for injunction or a writ of prohibition.

On April 15, 1962, Dixon was charged in Tennessee with the crime of fraudulent breach of trust and larceny. He was indicted by a State grand jury for this offense on January 22, 1965, having been confined in the interim in the Federal penitentiary at Atlanta, Georgia. On April 14, 1965, he was returned to Tennessee for trial and was released on bond. On April 21, 1965, Dixon's attorney was furnished a copy of the indictment and trial was set in the State court for April 27, 1965. Dixon's attorney then sought and was granted a continuance to June 9, 1965, in order that he could prepare for trial.

Prior to the latter date Dixon was convicted by a United States District Court for violation of the Dyer Act and is now serving his four year sentence under this conviction.

During the time that he has been serving his present sentence at Leavenworth, Dixon avers that he has made numerous efforts to obtain a trial in the State court. He complains that the detainer pending against him forecloses him from rehabilitation programs and parole.[1]

Upon consideration, we affirm the judgment of the District Court in denying the writ but without prejudice to the right of Dixon to plead that he has been deprived of his constitutional right to a speedy trial as a defense in the event he is brought to trial by the State of Tennessee. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.

---

1. The petition in this case does not attack the detainer itself or its effect upon petitioner's incarceration. A petition seeking such relief could be filed only in the District Court having jurisdiction over the person of petitioner. See Pitts v. North Carolina, 395 F.2d 182 (4th Cir.); Sloope v. Peyton, 290 F.Supp. 741 (E.D.Va.).

2d 1; Ruip v. Commonwealth of Kentucky, 400 F.2d 871 (6th Cir.); Bistram v. People of the State of Minnesota, 330 F.2d 450, 453 (8th Cir.). This affirmance also is without prejudice to the rights of Dixon to seek appropriate relief in the State courts of Tennessee.