**Marvin WHITE, Petitioner,**

v.

**Robert M. COLEMAN, Judge of the Warren County Circuit Court, et al., Respondents,**

**No. 1522.**

United States District Court, W. D. Kentucky, Bowling Green Division.

Nov. 5, 1971.

Harry H. Walsh, Staff Counsel for Inmates, Huntsville, Tex., for petitioner.

Morris Lowe, Commonwealth Atty., Bowling Green, Ky., for respondents.

## MEMORANDUM

SWINFORD, District Judge.

On November 27, 1970, the petitioner, Marvin White, petitioned this court for a writ of habeas corpus. It was the petitioner's contention that the Commonwealth of Kentucky had denied him his Sixth Amendment right to a speedy trial by reason of its failure to try him on an indictment of conversion of a motor vehicle. The petitioner was at that time and is presently serving a sentence of imprisonment in the State of Texas. He was indicted by the Warren Circuit Court of Kentucky on or about September 26, 1967. A detainer was placed against the petitioner by the Warren Circuit Court on or about August 5, 1969, for the purpose of securing custody of him and trying him at the termination of the Texas sentence. On January 15, 1971, this court denied the peti-

tioner habeas corpus relief for the reason that it appeared that the State of Kentucky had made and was making a diligent and good faith effort to bring the petitioner to trial. The petitioner has now made another application for habeas corpus relief to this court again contending that Robert M. Coleman, Judge of the Warren Circuit Court, and the Commonwealth of Kentucky have denied him his Sixth Amendment right to a speedy trial as declared in Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607 (1969), and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). On September 10, 1971, this court ordered the petitioner's application to be filed without prepayment of cost, and gave time to the respondent to file a response showing cause why the petition for a writ of habeas corpus should not be granted. The respondent has filed a response.

The respondent has moved that the petition be dismissed for the reasons that 1) the court does not have jurisdiction[1], 2) extradition proceedings are now under way, and that 3) the delay has not been such as would prejudice the defense of the petitioner.

It is possible to construct a persuasive and authoritative case on either side of the jurisdictional question. In fact the United States Appellate Courts appear to be in complete disagreement as to a federal district court's authority to rule upon a petition for habeas corpus relief from a petitioner imprisoned outside of the court's territorial jurisdiction. Nonetheless the court is of the opinion that it is without territorial jurisdiction in this matter. The court feels that the recent Supreme Court case of Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970)—wherein the Court seemed to tacitly reaffirm its earlier decision in Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948)—significantly erodes the validity of the rationale of the Fourth Circuit's bellwether decision in Word v. North Carolina, 406 F.2d 352 (1969), upon which all of the opinions allowing jurisdiction over the petition of a petitioner incarcerated outside of the court's territorial authority have been based.

The circumstances of this case are representative of those of the usual detainer warrant or speedy trial case. Normally the petitioner or accused is imprisoned outside of the demanding state, which has upon an indictment for specified criminal charges issued a warrant of detainer to secure custody of the petitioner at the termination of his current sentence of imprisonment. The petitioner contends that his right to a speedy trial has been abridged and seeks relief in the form of a petition for writ of habeas corpus in a federal district court in the demanding state. Logically it would seem that relief should be sought in the demanding state, for it is the demanding state which has allegedly denied the petitioner's constitutional

1. The respondent has relied on the Sixth Circuit case of Dixon v. State of Tennessee, 404 F.2d 27 (1968), where the Court of Appeals commented in a footnote to its opinion that a petition by a federal prisoner attacking a detainer warrant could be filed only in the federal district court having jurisdiction over the person of the petitioner. It is at least arguable that the Dixon decision does not in light of recent Supreme Court rulings, have any precedent value in this case. This court has been unable to find any Sixth Circuit case, since the Dixon decision, specifically considering the problem of jurisdiction in detainer warrant situations. However, one case recently decided by the Sixth Circuit Court of Appeals should be given consideration. In Himes v. Ohio Adult Parole Authority, 448 F.2d 410 (decided on September 16, 1971) the Court affirmed on the merits a decision by the District Court for the Southern District of Ohio dismissing a petition seeking to have declared invalid a detainer warrant lodged by the State of Ohio with prison authorities of the State of Kentucky where the petitioner was imprisoned. It could be implied that the Court of Appeals acknowledged the jurisdiction of an Ohio district court to rule upon the validity of a detainer issued by Ohio authorities where the person attacking the detainer and against whom it was lodged was incarcerated outside of the territorial jurisdiction of the Ohio court.

rights. However, two jurisdictional obstacles must be overcome before a district court can reach the merits of such a petition: 1) the court must determine whether a present remedy is available—that is whether the writ of habeas corpus may be available where its issuance will not have any immediate effect upon the petitioner's restraint; and 2) the court must determine whether it may rule upon the petition of an accused imprisoned outside of its territorial jurisdiction.

■ There can be little doubt that a present remedy is available. Prior to the decision of the Supreme Court in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), it was the law, under 28 U.S.C. § 2241, that a petitioner could only challenge the validity of the conviction for which he was then being held. It was believed that the office of the writ of habeas corpus was to effect the petitioner's immediate release. In Peyton the Court determined that a petitioner could challenge the constitutionality of a judgment of conviction, even though the sentence imposed thereupon was scheduled for future service. The future custody concept declared in Peyton has been extended to detainer type cases under the theory that a detainer issued by the indicting state may adversely affect the duration of the petitioner's imprisonment in the incarcerating state, consequently the petitioner is deemed to be "in custody" under the detainer, which is, therefore, open to constitutional attack. Kane v. State of Virginia, 4 Cir., 419 F.2d 1369 (1970), and Smith v. Londerholm, D.C., 304 F. Supp. 73 (1969).

It is the second of the above listed obstacles which the courts have had difficulty in surmounting. In 1948 the Supreme Court declared in Ahrens v. Clark, supra, that a federal district court is without jurisdiction to issue a writ of habeas corpus if the person detained is not within the territorial jurisdiction of the court when the petition is filed. Simply put the petitioned court, according to Ahrens, must have territorial jurisdiction over the petitioner. In 1969 the Court of Appeals for the Fourth Circuit concluded in Word v. North Carolina, supra, that the rigid requirements of Ahrens had been relaxed by subsequent Supreme Court rulings, and held that the constitutionality of a detainer lodged against a petitioner imprisoned outside of the territorial bounds of the demanding state, could be tested by a petition for writ of habeas corpus in a federal district court in the demanding state. The Court reasoned that the custody of the petitioner's warden under the detainer warrant was in fact the constructive custody of the officials of the demanding state who issued the warrant and over whom a district court in that state could exercise jurisdiction.

■ It is this court's belief that the Word decision, despite its logic, cannot stand unless one is able to ignore the Ahrens ruling. Because of recent developments in the law flowing from the Supreme Court decision in Peyton v. Rowe, supra, Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), it was perhaps judicially expedient to circumvent the Ahrens decision, however it now seems that the Supreme Court has reaffirmed the law of Ahrens. In Nelson v. George the Court stated:

"Whether, in light of the legislative history of § 2241(d) and the changed circumstances brought about by Peyton v. Rowe, the rigor of our Ahrens holding may be reconsidered is an issue upon which we reserve judgment." Nelson v. George, supra, footnote 5 at 228 of 399 U.S., at 1966 of 90 S.Ct.

Insomuch as the Supreme Court has refused to reconsider the rigor of the Ahrens holding it must be assumed that that rigor or rigidity has not been mollified. Under the Ahrens decision there is no doubt that this court lacks terri-

torial jurisdiction over the petitioner. See United States ex rel. Pitcher v. Commonwealth of Pennsylvania, D.C., 314 F.Supp. 1329 (1970). The petition must be dismissed. An order to that effect will this day be entered.