**UNITED STATES of America ex rel. William VAN SCOTEN, Appellant,**

v.

**COMMONWEALTH OF PA.**

**No. 16999.**

United States Court of Appeals Third Circuit.

Submitted on Briefs Sept. 19, 1968.

Decided Dec. 19, 1968.

William Van Scoten, pro se.

John J. Collins, Asst. Dist. Atty., Doylestown, Pa. (Ward F. Clark, Dist. Atty., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

The appellant, William Van Scoten, now serving a prison sentence in the New Jersey State Prison at Trenton, New Jersey, imposed by a New Jersey state court, filed a petition for a writ of habeas corpus in the Eastern District of Pennsylvania, challenging the validity of a sentence imposed upon him by a Pennsylvania state court, the service of which is to commence upon completion of his New Jersey imprisonment.

The District Court, in a Memorandum Order dated August 30, 1967, denied Van Scoten's petition on the ground that

under McNally v. Hill, 293 U.S. 131, 137, 55 S.Ct. 24, 26, 79 L.Ed. 238 (1934) "a federal district judge may not inquire into the legality of a sentence which the prisoner has not yet begun to serve."

That, in paraphrase, "a trial judge's lot is not a happy one",[1] is demonstrated in the instant case by the circumstance that subsequent to the District Court's then correct application of *McNally*, it was in terms overruled in Peyton v. Rowe, 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), which held that in a habeas corpus proceeding under 28 U.S.C.A. § 2241(c) (3) the constitutionality of a sentence scheduled for future service may be challenged.

■ In light of *Peyton* we are constrained to rule that the District Court erred in denying Van Scoten's petition on the ground that habeas corpus relief is unavailable to challenge a sentence yet to be served.

■■ We are, however, of the opinion that the District Court was without territorial jurisdiction to entertain Van Scoten's petition and should have dismissed it for that reason since at the time it was filed Van Scoten was incarcerated in a New Jersey jail which is outside the territorial jurisdiction of the Eastern District of Pennsylvania. As subsequently developed, it is settled law that a federal district court is without jurisdiction to issue a habeas corpus writ if the person detained is not within its territorial jurisdiction when his petition for the writ is filed.[2]

The record discloses that on March 17, 1960 Van Scoten was sentenced by a New Jersey court to serve a jail term in the New Jersey State Prison at Trenton, New Jersey. While serving that sentence he pleaded guilty, on October 14, 1960, in a Bucks County, Pennsylvania, court to two burglary and larceny indictments and was sentenced to serve one to two years in the Pennsylvania State Prison upon completion of his New Jersey imprisonment. Van Scoten was then returned to the New Jersey State Prison and the Commonwealth of Pennsylvania lodged a detainer against him.

Thereafter, Van Scoten, while still incarcerated in New Jersey, filed a petition for a writ of habeas corpus in the Court of Common Pleas of Bucks County, but it was denied on July 26, 1965 as being premature. A subsequent petition to the same court was denied, after a hearing,[3] on the merits, on September 6, 1966. This denial was affirmed *per curiam* by the Pennsylvania Superior Court, Commonwealth ex rel. Van Scoten v. Yeager, 209 Pa.Super. 752, 226 A.2d 864 (1967) and by the Pennsylvania Supreme Court (*per curiam* June 12, 1967) (unreported). Van Scoten then applied for post-conviction relief under the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq., but his application was denied on June 22, 1967 by the Court of Oyer and Terminer of Bucks County pursuant to Section 3(b) of the Act on the ground that he was not confined within the jurisdiction of the court.

Van Scoten then brought the instant petition in the District Court on August 4, 1967, alleging that he was being held in custody unlawfully since (1) he had not intelligently and understandingly

---

1. "When constabulary duty's to be done—
"To be done,
"The policeman's lot is not a happy one—
"Happy one."
Sir William S. Gilbert—The Pirates of Penzance, Act II.

2. A limited exception to this rule was made by statutory enactment in 1966 of Section 2241(d), 28 U.S.C.A. It provides that in a state which contains more than one federal judicial district, an application for habeas corpus relief by a prisoner of that state may be filed either in the district in which he is in custody or in the district within which he was convicted and sentenced.

3. On September 29, 1965, the Pennsylvania Supreme Court in Commonwealth ex rel. Stevens v. Myers, 419 Pa. 1, 213 A.2d 613, radically changed the law of Pennsylvania by eliminating the doctrine of "prematurity" and permitting challenge by habeas corpus of a sentence not yet being served.

consented to the pleas of guilty in the Bucks County court and (2) he had not been represented by counsel therein prior to entry of his guilty pleas. As earlier stated, this petition was denied without a hearing on August 30, 1967, on the ground that under McNally v. Hill, supra, the District Court could not inquire into the legality of a sentence that the prisoner had not yet begun to serve. Van Scoten then petitioned for reconsideration and for a certificate of probable cause, contending that the Pennsylvania detainer lodged against him with the New Jersey authorities placed him in Pennsylvania custody. Rehearing was denied on September 14, 1967, on the ground that the detainer did not constitute custody by the Pennsylvania authorities.

At all times during these proceedings Van Scoten has been, and still is, incarcerated in New Jersey, and has not yet begun to serve his Pennsylvania sentences.

Jurisdiction of federal district courts with respect to habeas corpus petitions filed by state prisoners is fixed by 28 U.S.C.A. § 2241(a). It provides in relevant part as follows:

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions.* \* \* \* (emphasis supplied).

In the leading case of Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948) it was squarely ruled that a federal district court is without jurisdiction to issue a writ of habeas corpus if the person detained is *not* within the territorial jurisdiction of the court when the petition is filed.

In United States ex rel. Smith v. Warden of Philadelphia County Prison, 181 F.2d 847 (3 Cir. 1950) we affirmed the District Court's application of *Ahrens* at 87 F.Supp. 339 (E.D.Pa. 1949).

The *Ahrens* doctrine has been given effect in other Circuits.

In the recent case of Ashley v. State of Washington, 394 F.2d 125 (9 Cir. 1968), Ashley was convicted and sentenced to a prison term by a Washington state court. He managed to escape from jail and was subsequently sentenced to imprisonment by a Florida court for a crime committed in that state. The State of Washington thereafter lodged a detainer against him. While serving his Florida sentence he sought and was denied habeas corpus relief by a federal court in the Western District of Washington for lack of jurisdiction.

In affirming, the Ninth Circuit said (page 126):

"Ashley says that he is attacking the Washington detainer, and that therefore the District of Washington is the proper court for his case. But Congress has conferred jurisdiction upon the United States District Courts to issue writs of habeas corpus 'within their respective jurisdictions'. (28 U.S.C. § 2241(a)). The Supreme Court has held that this means the district in which the petitioner is detained when the petition is filed. Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. Ashley is detained in Florida, not Washington."

Again, in Booker v. State of Arkansas, 380 F.2d 240 (8 Cir. 1967), Booker was sentenced by an Arkansas state court to serve a 7-year term in an Arkansas state penitentiary. He was placed on parole after having served one-third of his sentence. While on parole he was sentenced by a federal court to serve a 10-year term in the United States Penitentiary at Atlanta, Georgia. Arkansas lodged a detainer against Booker with the Atlanta prison. Later, he filed in the United States District Court for the Eastern District of Arkansas an "Application for Writ of Mandamus and Declaratory Judgment", seeking to void his state conviction on constitutional grounds. The District Court ruled it had no power to grant the specific relief sought, and then, treating Booker's "Application" as a petition for a writ of

habeas corpus, denied relief on the ground that habeas corpus "cannot be used to question the validity of a sentence not then being served", citing McNally v. Hill, supra.

The Eighth Circuit affirmed denial of the habeas corpus writ on the ground that the District Court lacked territorial jurisdiction to issue it under *Ahrens*. In doing so it stated (p. 243):

"Booker is an inmate of the federal penitentiary at Atlanta, Georgia. His incarceration there is concededly lawful and it has been continuous since prior to the filing of his petition in the Eastern District of Arkansas. Atlanta is in the Fifth Circuit and the Northern District of Georgia. * * The district court, therefore, has no jurisdiction to issue the writ. 28 U.S.C. § 2241(a); Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); Karp v. United States, 296 F.2d 564 (8 Cir. 1961), cert. denied 369 U.S. 867, 82 S.Ct. 1034, 8 L.Ed.2d 86; Hart v. Ohio Bureau of Probation and Parole [290 F.2d 550, 551 (6 Cir. 1961)]. * * * "

In Allen v. United States, 327 F.2d 58 (5 Cir. 1964), the *Ahrens* case was cited in holding that Allen, then incarcerated in the United States Penitentiary at Leavenworth, Kansas, under a prison term imposed by an Oklahoma District Court, could not petition for a writ of habeas corpus in a Texas District Court challenging a parole violator's warrant issued by the United States Board of Parole for Allen's breach of parole incident to his sentence by the Texas District Court for violation of the Dyer Act.

In doing so the Court, citing *Ahrens*, said (p. 59):

"It would avail the petitioner nothing to consider his petition [in a post-conviction proceeding] as an application for writ of habeas corpus, as he was not in custody within the territorial limits of the court below at the time of the institution of this suit."

The First Circuit, in Duncan v. State of Maine, 295 F.2d 528 (1961), cert. den. 368 U.S. 998, 82 S.Ct. 624, 7 L.Ed. 2d 536 (1962), applied the *Ahrens* doctrine in a situation where the petitioner, at the time he applied for habeas corpus relief to the District Court of Maine, was serving a Maine state court sentence in the United States Penitentiary at Alcatraz, California, under a contract between the Attorney General of the United States and the Commissioner of Institutional Service of the State of Maine.

In affirming the dismissal of the habeas corpus petition by the District Court of Maine, the First Circuit held that under the *Ahrens* doctrine, the District Court did not have jurisdiction to entertain the petition by one originally held in custody in the District pursuant to a state court sentence but who, at the time of application for the habeas corpus writ, was being held outside the District Court's territorial jurisdiction by federal authorities acting under contract with the state for care of state prisoners.

In Whiting v. Chew, Director, Parole Board, Richmond, Virginia, 273 F.2d 885 (4 Cir. 1960), cert. den. 362 U.S. 956, 80 S.Ct. 872, 4 L.Ed.2d 873, the District Court for the Eastern District of Virginia dismissed a habeas corpus petition filed by a prisoner in the Ohio State Penitentiary naming Charles P. Chew, Director of the Virginia Parole Board, as defendant. The Virginia Parole Board had filed a detainer against the petitioner on the ground that he had violated the conditions of his Virginia parole.

In affirming the dismissal of the writ, the Court said (273 F.2d page 886):

" * * * [I]t is manifest that the petition states no ground upon which a writ of habeas corpus could be issued in the District Court, inasmuch as the petitioner is not being detained within the territorial jurisdiction of the court to which the petition is addressed. Section 2241(a) of 28 U.S. C.A., giving District Courts power to grant writs of habeas corpus 'within their respective jurisdictions' has been interpreted by the Supreme Court as

requiring the conclusion that a Federal District Court has no jurisdiction to issue the writ if the person detained is not within the territorial jurisdiction of the court when the petition is filed, Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. Moreover, it is fundamental that habeas corpus will not lie if the person seeking the writ is not in physical custody of the official to whom the writ is directed, Weber v. Squier, 1941, 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209; Strand v. Schmittroth, 9 Cir., 1957, 251 F.2d 590, 602. The defendant, the Parole Director of Virginia, has neither actual nor constructive custody of the petitioner."

In consonance with what has been said, the Order of the District Court denying Van Scoten's application for a writ of habeas corpus will be affirmed on the ground that the District Court was without territorial jurisdiction to entertain it.