Ronald H. **BERMAN**, M.D., Plaintiff,

v.

Hon. Stanley **RESOR**, etc., et al., Defendants.

Civ. No. 51475.

United States District Court
N. D. California.
Aug. 11, 1969.

John T. Hansen, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Steven Kazan, Asst. U. S. Atty., San Francisco, Cal., for defendants.

### MEMORANDUM OPINION AND ORDER

GEORGE B. HARRIS, Chief Judge.

Petitioner, an officer in the United States Army Medical Corps Reserve, filed this petition for declaratory and injunctive relief contending that the Army wrongfully refused to discharge him as a conscientious objector.

Defendant filed a motion to dismiss contending that the action pursuant to the declaratory judgment statute was improper in this case, and that treating the action as a petition for writ of habeas corpus the Court does not have jurisdiction pursuant to 28 U.S.C. § 2241 (a).

The uncontradicted facts of the case are as follows: Plaintiff, a medical student, enlisted in the Army pursuant to the Berry Plan. Under this plan petitioner was commissioned as a First Lieutenant in the United States Army Medical Reserve Corps in June 1964, pursuant to an agreement that his active duty would be deferred to permit his completion of internship and residency. During the period of such internship and residency petitioner was assigned to the United States Army Reserve, Components Center, Ft. Benjamin Harrison, Indiana. This assignment was merely a record keeping assignment in that petitioner was never present at Ft. Benjamin Harrison, nor was he requested to be. During the period of internship and residency petitioner was inactive in the reserves. He was not subject to military orders, reserve meetings, or summer camps. He was not compensated in any way by the Army. Following completion of his internship and residency petitioner, a resident of this district, was ordered to report to active duty on July 1, 1969, at Fort Sam Houston, Texas. On June 6, 1969, petitioner filed this action contending that he had been wrongfully denied discharge as a conscientious objector. The application for discharge had been made to the Army on June 20, 1968. Following hearings and reports made by the Army pursuant to regulation, petitioner's application was denied by the Army on February 28, 1969, on the grounds that petitioner's beliefs were founded solely on a personal moral code and philosophical beliefs.

Following this denial petitioner requested reconsideration. Said reconsideration was denied. Petitioner then filed an application with the Army Board for the Correction of Military Records for a review of the decision denying his request for discharge. This application was filed on April 29, 1969. No decision has been made by that board. The basis for that application and for this

suit is that the Army had no basis in fact for denying petitioner discharge as a conscientious objector.

██ Defendant has filed this motion to dismiss contending that declaratory relief is not proper in this case. Bennett v. People of the State of Illinois, 356 F.2d 878 (7th Cir. 1966), cert. denied, 384 U.S. 946, 86 S.Ct. 1472, 16 L.Ed.2d 544 (1966); and Benson v. State Board of Paroles and Probation, 384 F.2d 238 (9th Cir. 1967), cert. denied, 391 U.S. 954, 88 S.Ct. 1860, 20 L.Ed.2d 869 (1968) are cited for the principle that the Declaratory Judgment Act may not be used as a substitute for habeas corpus. While these cases represent the law as applied to prison inmates they are distinguishable in cases such as the one at bar. In the case of a prison inmate the two remedies have the same effect. The action for declaratory relief offers no benefits unavailable by action for writ of habeas corpus. In the case at bar declaratory judgment offers benefits not otherwise available. It enables petitioner to file action in the district in which suit arose and in which the witnesses reside. If petitioner were forced to maintain the action in habeas corpus it could not be maintained in this district. 28 U.S.C. § 2241. Further the action enables petitioner to determine his status without submitting himself to military orders, training and discipline, all of which are allegedly against petitioner's religious and moral beliefs.[1]

In many respects this case is similar to Brownell v. We Shung, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225 (1956), an immigration exclusion case in which the Court ruled that declaratory judgment was available, as well as habeas corpus, where declaratory judgment allowed petitioner to adjudicate the issues before the "odium of arrest and detention." Here also, petitioner is faced with sacrificing his principles or submitting to the odium of arrest and detention in order

to adjudicate the issues. Clearly, the avoidance of situations in which the parties must act at their peril in order to adjudicate differences is one of the major purposes of the declaratory judgment act.

Furthermore, this case differs from the usual challenge to military decisions regarding conscientious objector status in certain respects. In the usual case plaintiff is already active in the armed forces, either on active duty or in the active reserve. Petitioning for relief by writ of habeas corpus entails no change of status; no hardship, and no additional conflict with religious and moral beliefs. Declaratory relief offers no advantages not available by petition for writ of habeas corpus. In the case at bar however, plaintiff would be required to change his status by submitting to military orders; travel to a distant state, and violate his religious and moral beliefs by undergoing military training pending the outcome of his case. Declaratory relief enables him to determine his status in the district in which the issues arose and in which the witnesses are present without submitting to the inconvenience required by habeas corpus. Accordingly, the Court finds that declaratory relief is appropriate in this case.

██ In order to obtain such relief plaintiff must, of course, exhaust his administrative remedies. Bolger v. Marshall, 90 U.S.App.D.C. 30, 193 F.2d 37 (1951); Babcock v. Koepke, 175 F.2d 923 (9th Cir. 1949). Petitioner has not exhausted his administrative remedies in that he has not received a decision from the Board for the Correction of Military Records before which his case is currently pending. Craycroft v. Ferrall, 408 F.2d 587 (9th Cir. 1969). Until a decision is reached by that board, this Court cannot act on plaintiff's motion.

The Court can, however, issue an interlocutory order staying the Army's order that Berman report for active duty.

1. This case does not come under the provisions of 50 U.S.C.App. § 460(b) (3), barring review of determination of status in the case of selective service registrants. Cf. Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968).

Craycroft v. Ferrall, supra. Whether such an order should issue is not before this Court, the government having requested leave to argue this point should this motion to dismiss be denied.

Accordingly, it is ordered that the government's motion to dismiss be denied and that the government have ten days to file a supplemental return on the order to show cause.