**UNITED STATES of America ex rel. James E. PITCHER**

v.

**COMMONWEALTH OF PENNSYLVANIA.**

Civ. A. No. 70–1254.

United States District Court, E. D. Pennsylvania.

July 13, 1970.

**1330**

James E. Pitcher, pro se.

Ralph B. D'Iorio, Asst. Dist. Atty., Media, Pa., for respondent.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Relator seeks the writ of habeas corpus on Bills of Indictment Nos. 216 and 217, Delaware County, June Sessions 1968, because the Commonwealth has failed to provide him with a speedy trial. When he filed this petition he was incarcerated in the Indiana State Prison serving a sentence imposed for burglary. The Commonwealth of Pennsylvania lodged a detainer with his custodian in Indiana pertaining to the charges here at issue, and relator alleges that the Commonwealth has not made a "diligent, good faith effort" to bring him to trial within the meaning of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). Relator sought the writ in the United States District Court for the Northern District of Indiana but his petition was dismissed for lack of jurisdiction. Unfortunately for relator, we are obliged to do the same under the decision in United States ex rel. Van Scoten v. Commonwealth of Pennsylvania, 404 F.2d 767 (C.A. 3, 1968). While we are not very impressed with the merits of relator's claim, the obvious dilemma prisoners in his position face now that Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), permits attacks on detainers can not be ignored. The Ninth Circuit Court of Appeals agrees with this Circuit that jurisdiction lies in the district of the prisoner's confinement, but has not yet passed on the corollary question whether jurisdiction lies in the sentencing state. George v. Nelson, 410 F.2d 1179, 1181–1182 (C.A. 9, 1969), aff'd, 398 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970). The Fourth Circuit has held that a prisoner seeking to attack an out-of-state detainer should file the writ in the district court having jurisdiction over the state authorities issuing the detainer, even though his present custodian is beyond the territorial jurisdiction of that district court. Word v. North Carolina, 406 F.2d 352 (C.A. 4, 1969). As the case before us illustrates, uniformity must be achieved if the Great Writ is not to be frustrated by inter-Circuit squabbles over jurisdictional interpretations of the "in custody" requirements of 28 U.S.C.A. § 2241(c) (3).

Since this Circuit has so recently considered the issue, and since the Supreme Court does not appear disposed to resolve the inter-Circuit conflict, Nelson v. George, 399 U.S. 224, 228, n. 5, 90 S.Ct. 1963, 1966, 26 L.Ed.2d 578 (1970), there is no probable cause for appeal.

The writ will be denied for lack of territorial jurisdiction.

It is so ordered.