Howard Lee **WHITE**, Plaintiff-Appellant,

v.

**STATE OF TENNESSEE**, Defendant-Appellee.

No. 21031.

United States Court of Appeals,
Sixth Circuit.

Sept. 7, 1971.

Howard Lee White, pro se.

R. Jackson Rose, Asst. Atty. Gen., Nashville, Tenn., on brief for defendant-appellee; David M. Pack, Atty. Gen., of counsel.

Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS, Circuit Judges.

PHILLIPS, Chief Judge.

Howard Lee White, the appellant, is a federal prisoner serving a 20 year sentence and now is confined in the United States Penitentiary, Leavenworth, Kansas. The State of Tennessee, the appellee, has placed a detainer against White based upon two State sentences which allegedly have not been fully satisfied. Seeking relief from this detainer,[1] White filed a habeas corpus petition in the United States District Court for the Eastern District of Tennessee attacking the validity of the two State convictions underlying the detainer. The District Court dismissed the petition on the ground that the court did not have jurisdiction to entertain the petition.

We affirm.

■ The issue is whether the habeas corpus jurisdiction conferred on federal district courts by 28 U.S.C. § 2241(a) is limited to petitions filed by persons physically present within the territorial limits of the District Court.[2]

This question has been answered in the affirmative by controlling authority and we so hold. Schlanger v. Seamans, 401 U.S. 487, 490 & nn. 3 & 4, 91 S.Ct. 995, 28 L.Ed.2d 251; United States v. Hayman, 342 U.S. 205, 220, 72 S.Ct. 263,

---

1. At least one additional detainer and possibly others had been placed against White by the State of Tennessee, based upon State charges awaiting trial. White did not attack these detainers in the present proceeding. *See generally* Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, and Dixon v. Tennessee, 404 F.2d 27 (6th Cir.). *See also* Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26.

After the hearing of this appeal on the regular docket of this court, White filed a supplemental memorandum stating that he

has succeeded in effecting the dismissal of all Tennessee detainers except the one involved in the present case.

2. 28 U.S.C. § 2241(a) provides:
"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had."

96 L.Ed. 232; Ahrens v. Clark, 335 U.S. 188, 190, 68 S.Ct. 1443, 92 L.Ed. 1898; Dixon v. Tennessee, 404 F.2d 27, 28 n. 1 (6th Cir.); Hibdon v. Warden, 245 F. 2d 816 (6th Cir.). *Accord,* Duncan v. Maine, 295 F.2d 528, 530 (1st Cir.), cert. denied, 368 U.S. 998, 82 S.Ct. 624, 7 L.Ed.2d 536; U. S. ex rel. Van Scoten v. Pennsylvania, 404 F.2d 767, 771 (3rd Cir.); George v. Nelson, 410 F.2d 1179, 1181 n. 5 (9th Cir.), aff'd sub nom. Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578. *Contra,* U. S. ex rel. Meadows v. N. Y., 426 F.2d 1176, 1179–1183 (2d Cir.); Word v. North Carolina, 406 F.2d 352, 360–361 (4th Cir.); May v. Georgia, 409 F.2d 203 (5th Cir.). *See generally* Lewis v. New Mexico, 423 F.2d 1048 (10th Cir.). *Compare* Booker v. Arkansas, 380 F.2d 240, 243 (8th Cir.), *with* Brown v. Arkansas, 426 F.2d 677, 678 (8th Cir.), cert. denied, 400 U.S. 966, 91 S.Ct. 377, 27 L. Ed.2d 386.

In Ahrens v. Clark, *supra* at 192–193, 68 S.Ct. at 1445, the Supreme Court stated:

"Thus the view that the jurisdiction of the District Court to issue the writ in cases such as this is restricted to those petitioners who are confined or detained within the territorial jurisdiction of the court is supported by the language of the statute, by considerations of policy, and by the legislative history of the enactment. We therefore do not feel free to weigh the policy considerations which are advanced for giving district courts discretion in cases like this. If that concept is to be imported into this statute, Congress must do so." (Footnote omitted.)

■ We have reviewed thoroughly the decisions of the Second, Fourth and Fifth Circuits cited above. It seems clear that the right of a prisoner, announced in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, to seek federal habeas corpus relief from a consecutive or successive sentence cannot reach full fruition until either Congress or the courts depart from the territorial rule of Ahrens v. Clark, *supra.* It may be that the policy considerations weighed by Congress in drafting the statute, and recognized by the Supreme Court in construing the statute, would have been evaluated differently if Peyton v. Rowe, *supra,* had been anticipated. Such shifting policy considerations, however, cannot alter the established meaning of an unambiguous statute, or provide the basis for distinguishing a case in which the Supreme Court has construed precisely the language of a statute. Unless and until the Supreme Court changes its construction of 28 U.S.C. § 2241(a), or the statute is amended by Congress, we have no recourse except to apply the statute as it was enacted.

The Supreme Court to date has not chosen to overrule or modify the *Ahrens* holding, but instead has commented upon the propriety of a legislative amendment to 28 U.S.C. § 2241. Nelson v. George, 399 U.S. 224, n. 5, 90 S.Ct. 1963, 26 L.Ed.2d 578. The Court referred to legislative action as the "obvious, logical, and practical solution * * * to remedy the shortcoming that has become apparent following the holding in Peyton v. Rowe." *Id.*

In conclusion, we comment that the record is not clear as to whether White has exhausted remedies that may be available to him in the State courts under the Tennessee Post-Conviction Procedure Act. T.C.A. §§ 40–3801–3824. *See* Rutter v. Wright, 439 F.2d 1002, 1004 (6th Cir.).

The decision of the District Court is affirmed without prejudice to the right of White to pursue any remedy that may be available to him in the State Courts (see note 1), including the Tennessee Post-Conviction Procedure Act.