Charles **D.** BRADEN, Petitioner-Appellee,

v.

**30TH JUDICIAL CIRCUIT COURT OF the COMMONWEALTH OF KENTUCKY, Respondent-Appellant.**

No. 71–1301.

United States Court of Appeals, Sixth Circuit.

Jan. 18, 1972.

John M. Famularo, Frankfort, Ky. (John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, Ky., on the brief), for appellant.

David R. Hood, Detroit, Mich., for appellee.

Before EDWARDS and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McCREE, Circuit Judge.

We consider an appeal from the granting of a petition for habeas corpus. In July 1967, a Kentucky grand jury returned a two-count indictment charging appellee with storehouse-breaking and safe-breaking. Pursuant to this indictment, appellee was brought from California to Kentucky, whence he escaped on November 13, 1967. He was subsequently arrested in Alabama on an Alabama felony charge, and a detainer was filed against him by Kentucky authorities while he was awaiting trial on the Alabama charge. In Februrary 1969, appellee, who was still in custody in Alabama, filed a demand for trial on the Kentucky indictment in the Jefferson County, Kentucky, Circuit Court. Kentucky took no action on appellee's speedy-trial demand, and in April 1969 Braden was convicted of the Alabama charge and received a five-year sentence. Thereafter, Kentucky denied his subsequent motion to quash the indictment or in the alternative to return him for trial. In October 1970, the Kentucky Court of Appeals denied appellee's petition for mandamus to force the Jefferson County authorities to request his return for trial or to dismiss the indictment.

Braden then filed this petition for a writ of habeas corpus in the United States District Court for the Western District of Kentucky at Louisville, the district having jurisdiction over the Jefferson County Circuit Court. The petition, filed pursuant to 28 U.S.C. §§ 2241(c) (3), 2254, alleged that appellee was being deprived of his constitutional right to a speedy trial because of the refusal of Kentucky authorities to seek his return from Alabama for trial on the Kentucky indictment. The district court, interpreting Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1968), to require it to afford a remedy, and regarding Kentucky as the state "which must take action," held that it had jurisdiction and ordered appellant to secure Braden for trial within 60 days or to dismiss the charges against him.

█ The principal issue on appeal is whether a district court has jurisdiction to issue a writ of habeas corpus when the petitioner is not in physical custody within the forum state. Although there is a conflict among the circuits whether a petition can be brought in the state that has issued a detainer, *compare, e. g.*, United States ex rel. Van Scoten v. Pennsylvania, 404 F.2d 767 (3d Cir. 1968), *with* Word v. North Carolina, 406 F.2d 352 (4th Cir. 1969), the issue has recently been decided in this circuit in White v. Tennessee, 447 F.2d 1354 (6th Cir. 1971). *But cf.* Himes v. Ohio Adult Parole Authority, 448 F.2d 410 (6th Cir. 1971). We held in *White*, which was decided after the decision we review in this appeal, that the habeas corpus jurisdiction conferred on the federal courts by 28 U.S.C. § 2241(a) is "limited to petitions filed by persons physically present within the territorial limits of the District Court." 447 F.2d at 1354. Accordingly, we are constrained to reverse the decision of the district court in this case.

█ We reach this conclusion reluctantly because we observe that this decision possibly will result in Braden's inability to find a forum in which to assert his constitutional right to a speedy trial —a right which he is legally entitled to assert at this time under Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L. Ed.2d 426 (1968). This is a possibility because the rule in the Fifth Circuit, where appellee is incarcerated, appears to be that a district court in the state that has filed the detainer is the proper forum in which to file the petition. *See*

May v. Georgia, 409 F.2d 203 (5th Cir. 1969). *See also* Rodgers v. Louisiana, 418 F.2d 237 (5th Cir. 1969). Braden thus may find himself ensnared in what has aptly been termed "Catch 2254"—unable to vindicate his constitutional rights in either of the only two states that could possibly afford a remedy. *See* Tuttle, Catch 2254: Federal Jurisdiction and Interstate Detainers, 32 U. Pitt.L.Rev. 489, 502–03 (1971). He is not the first state prisoner to be confronted by the dilemma posed by this inter-circuit conflict. *See* United States ex rel. Pitcher v. Pennsylvania, 314 F. Supp. 1329 (E.D.Pa.1970). Of course, the Fifth Circuit may hold that the Alabama District Court has jurisdiction to entertain Braden's petition. *See* Word v. North Carolina, *supra*, 406 F.2d at 357 n. 6; *cf.* Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970). In the alternative, he may be able to bring an action in the Western District of Kentucky for a declaratory judgment that he has been denied his constitutional right to a speedy trial.[1] However, since the Congress has not

---

1. It is, of course, well-established in this circuit that a declaratory judgment action cannot be used as a substitute for the statutory habeas corpus procedure. Morton v. Avery, 393 F.2d 138 (6th Cir. 1968); Scruggs v. Henderson, 380 F.2d 981 (6th Cir. 1967); Forsythe v. Ohio, 333 F.2d 678 (6th Cir. 1964). However, this rule is based not upon the wording of the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, but instead upon judicial refusal to allow prisoners to circumvent habeas requirements such as exhaustion of state remedies (28 U.S.C. § 2254(b)). Nevertheless, appellee may be entitled to seek declaratory relief in the unusual circumstances presented by this case. We observe initially that Fed. R.Civ.P. 57 provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." This indicates that a court has *power* to grant declaratory relief when another adequate remedy is available, although it may, in the exercise of its discretion, decline to do so. "The test is whether or not the other remedy is more effective or efficient, and hence whether the declaratory action would serve a useful purpose." 6A J. Moore, Federal Practice § 57.08[3], at 3031–32. *See also* E. W. Bliss Co. v. Cold Metal Process Co., 102 F.2d 105, 109 (6th Cir. 1939). Moreover, even if habeas should be deemed a special statutory proceeding, the Supreme Court has indicated that "unique" circumstances will justify a district court's exercising jurisdiction over a declaratory action. Katzenbach v. Mc-Clung, 379 U.S. 294, 296, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964). It would seem that a showing that the special statutory proceeding is inadequate to protect the plaintiff's rights or that declaratory relief would afford the plaintiff broader and more efficient protection would be sufficient to satisfy the *McClung* test.

*See* Roberson v. Great American Ins. Cos. of New York, 48 F.R.D. 404, 424 (N.D.Ga.1969). At least one court has authorized the use of the declaratory judgment procedure when habeas corpus was also available on the ground that it afforded a more effective remedy. Berman v. Resor, 302 F.Supp. 1200 (N. D.Cal.1969). *See also* Hurley v. Reed, 110 U.S.App.D.C. 32, 288 F.2d 844, 848–849 (1961). In *Berman*, an Army reservist who had been ordered to report to active duty sought a declaratory judgment that the Army was unlawfully refusing to discharge him as a conscientious objector. The court, while noting the cases holding that the Declaratory Judgment Act cannot be used as a substitute for habeas corpus, held that it could properly entertain the declaratory action on the ground that the action "offer[ed] benefits not otherwise available." 302 F.Supp. at 1202. The plaintiff had filed the action in the Northern District of California, where he resided but where none of his "custodians" resided. (*Cf.* Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). The court noted that the declaratory judgment action

enable[d] petitioner to file action [sic] in the district in which suit arose and in which the witnesses reside. If petitioner were forced to maintain the action in habeas corpus it could not be maintained in this district. 28 U.S.C. § 2241.

302 F.Supp. at 1202. In the instant case, of course, not only would the Kentucky District Court be in a position to grant Braden more effective and immediate relief, in light of its jurisdiction over the Kentucky state authorities, but there is also a serious question whether he has *any* federal district court available to him in which to file his habeas petition. In these circumstances, he may be entitled to have the Kentucky District

provided a remedy (*see* Nelson v. George, *supra*, 399 U.S. at 228 n. 5, 90 S.Ct. 1963), *White* requires us to reverse the judgment of the court below and remand with instructions to dismiss the petition for lack of jurisdiction.

Our resolution of the jurisdictional issue makes it unnecessary to reach the question whether petitioner waived his 6th Amendment right to a speedy trial by his escape from Kentucky.

The court expresses its appreciation to David R. Hood, Esq., of Detroit, Michigan, who, without compensation, at the appointment of this court, represented the indigent petitioner-appellee with dedication and skill.

Reversed.

Court entertain a complaint for a declaratory judgment, even before he files a habeas petition in the Alabama District Court, since the Kentucky court is in a position to provide relief more

speedily and less circuitously. *See* Word v. North Carolina, 406 F.2d 352, 357 (4th Cir. 1969); *cf.* Hurley v. Reed, *supra*, 288 F.2d at 849.