John T. REED, Petitioner-Appellant,

v.

J. D. HENDERSON, Warden, United States Penitentiary, Atlanta, Georgia, Respondent-Appellee.

No. 72–1485

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 5, 1972.

As Modified on Denial of Rehearing and Rehearing En Banc July 25, 1972.

John Timothy Reed, pro se.

John W. Stokes, Jr., U. S. Atty., P. Bruce Kirwan, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

This appeal by a federal prisoner from dismissal of an application for habeas corpus relief is directed against a state detainer warrant lodged against him and not against his federal sentence.[1]

Appellant was convicted in the federal district court for the District of Connecticut for violation of 18 U.S.C. § 2113, and is presently confined in a federal penitentiary located within the Northern District of Georgia. While serving a federal sentence he was convicted by the State of Connecticut of murder in the second degree and a detainer warrant against him was lodged with the federal penitentiary.

Appellant sought habeas corpus relief from the federal district court in Connecticut. While it is unclear whether

---

* [1]  Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1.  Were appellant to attack his federal sentence in a habeas corpus proceeding (28

U.S.C. § 2241, et seq.), he would face a heavy burden of demonstrating that relief under 28 U.S.C. § 2255, was then unavailable. Owensby v. Clark, 451 F.2d 206 (5th Cir., 1971); Accardi v. Blackwell, 412 F.2d 911 (5th Cir., 1969).

that court denied relief based on the Connecticut detainer, it stated:

"Even assuming, however, that there is a detainer placed against [appellant] at the Atlanta Prison, he must seek redress for any claimed grievance in the United States District Court, District of Georgia."

Compare George v. Nelson, 410 F.2d 1179 (9th Cir., 1969), aff'd on other grounds sub nom, Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970).

Appellant then made application to the United States District Court, Northern District of Georgia, the district wherein he was confined. The district court denied relief, holding that the Connecticut court was the proper forum, and that it was without subject matter jurisdiction under 28 U.S.C. § 2241(c) to consider the merits of appellant's claim against the Connecticut detainer. Compare Word v. State of North Carolina, 406 F. 2d 352 (4th Cir., 1969), en banc.

We affirm the district court but for slightly different reasons.

██ Judge Haynsworth writing for the en banc court in Word, supra, persuasively argues that jurisdiction to hear habeas corpus attacks on the validity of state detainer warrants lies with the district of sentencing.

The Second Circuit has taken the view in these cases that the districts of sentencing and confinement may exercise concurrent jurisdiction. United States ex rel. Meadows v. New York, 426 F.2d 1176 (2nd Cir., 1970). The Second Circuit recently summarized its Meadows case as follows:

"This court in [Meadows] concluded that the district of sentencing may be the preferable forum where the petition alleges prejudicial effects in the district of confinement." Dodd v. United States Marshal, 439 F.2d 774, 775 at n.3. (2nd Cir., 1971).

The Third and Ninth Circuits in the cases of United States ex rel. Van Scoten v. Pennsylvania, 404 F.2d 767 (3rd Cir., 1969), and George v. Nelson, supra took a contrary view that a sentencing district does not have jurisdiction.

We agree with the view expressed by Judge Haynsworth in Word. The districts containing federal penal institutions should no more be compelled to shoulder the entire docket of collateral attack on state detainers than should it be called upon to undertake all of the habeas corpus petitions arising from the institution. That Congress intended to spread this docket is clear from the language of 28 U.S.C. § 2255:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

ON PETITION FOR REHEARING AND PETITION FOR RE-HEARING EN BANC

It is also clear that Congress has not acted to end the detainer jurisdictional morass. Nelson v. George, 399 U.S. 224, 228 at n. 5. 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970); Jackson v. State of Louisiana, 452 F.2d 451, 453 (5th Cir., 1971).

██ Nelson, supra, and its forerunners, see Word, supra, collecting cases;

see also White v. Tennessee, 447 F.2d 1354 (6th Cir., 1971), involve applications for writs of habeas corpus attacking state detainer warrants lodged with state detentional authorities. Reed, however, is a federal prisoner. He is as fully entitled to attack the sufficiency of an underlying state sentence lodged as a detainer with federal correctional authorities as he would be were he a state prisoner. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Walker v. Wainwright, 390 U. S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968); Jones v. Cunningham, 371 U. S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). There is no dispute that Reed is in custody within the Northern District of Georgia, nor that the party respondent has actual control over his confinement. The problem as noted in similar circumstances by Judge Fisher lies in terms closely akin to the doctrine of *forum non conveniens*.[2] We think jurisdiction present in this case but affirm the district court's considered decision to decline its exercise in circumstances in which a demanding jurisdiction will entertain the petition. United States ex rel. Meadows v. New York, *supra*. Should a demanding jurisdiction decline to exercise its, at least concurrent, jurisdiction, application may be made to the Supreme Court under the terms of 28 U.S.C. § 2241(a).

Affirmed.

The Petition for Rehearing is denied and no member of this panel nor Judge

---

2. In Varallo v. State of Ohio, 312 F.Supp. 45 (E.D.Tex., 1970), Judge Fisher wrote:

"We do not hold, therefore, that this Court lacks all potential jurisdiction of these petitions; but we are of opinion that for this Court to entertain such applications is both a waste of the Court's time and an exercise in futility on the part of the petitioners. Accordingly, the Court will henceforth decline to entertain habeas petitions by prisoners who seek to attack detainers filed by authorities resident in foreign jurisdictions unless it is shown that application for relief has been made to the federal district court sitting in the demanding state.

"The Court holds hereby that a federal prisoner's habeas action attacking a conviction in another state which underlies a detainer filed with his keeper is properly brought in the federal district court sitting in the demanding state, and as a matter of sound discretion this Court will decline to exercise its own jurisdiction and will dismiss these petitions."

312 F.Supp. at 48.

Unlike Craig v. Beto, 458 F.2d 1131 (5th Cir., 1972), the federal authorities holding *Reed* are making no extrinsic use of the asserted detainer. In *Craig*, however, the State of Texas made use of an earlier Oklahoma criminal conviction to enhance Craig's Texas sentence. Under those circumstances this court held:

"Conflicts exist among the Circuits as to whether a prisoner should collaterally attack a conviction in the state of conviction or in the state of confinement. See Word v. North Carolina, 406 F.2d 352 (4th Cir. 1969); United States ex rel. Van Scoten v. Pennsylvania, 404 F.2d 767 (3rd Cir. 1968); White v. State of Tennessee, 447 F.2d 1354 (6th Cir. 1971). The Supreme Court has not decided the point. In Nelson v. George, 399 U.S. 224 [, 90 S.Ct. 1963, 26 L.Ed.2d 578] (1970), a case covering the validity of a detainer, the Court left for another day 'the proper treatment for habeas corpus claims such as those involv[ing] . . . challenge[s] in the California courts to the validity [of a] North Carolina conviction.' (J. Harlan concurring opinion, p. 230, 90 S.Ct. [1963] p. 1967.)

"We think that Craig is entitled to question the Oklahoma conviction in Texas in the collateral proceedings against the Texas conviction because, first, Texas is confining him under a life sentence which he would not be serving were it not for the Oklahoma conviction, and second, even if Craig brought proceedings in Oklahoma, a favorable result there would still necessitate further proceedings for relief in Texas.

"We recognize the practical problems in producing in Texas records and witnesses of events that occurred in Oklahoma over twenty years ago. However, we think that Texas should bear this burden, if necessary, in support of the validity of Craig's 1951 conviction because it has imposed the life sentence in Texas, and is presently confining Craig under that sentence, all based upon the theory that the Oklahoma conviction is valid."

in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.