Robert Benjamin HAYNIE, Petitioner,

v.

J. D. HENDERSON, Warden United States Penitentiary, Atlanta, Georgia, et al., Respondents.

Civ. A. No. 17374.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 21, 1973.

Haynie, pro se.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., James Wooten, Asst. Sol., State Court of Bibb County, Macon, Ga., and Andrew D. Ryan, Dist. Atty., Savannah, Ga., for respondents.

ORDER OF THE COURT

HOOPER, Senior District Judge.

The above petitioner filed an action in forma pauperis in this court complaining of two detainers filed with the respondent Warden. This case therefore is in effect two separate cases.

One detainer was filed by respondent Captain James E. Weaver, Chief of Detectives, Office of the Chief of Police in Savannah, Georgia. It concerns, however, a warrant for alleged forgery which would ordinarily be tried in the Superior Court of Chatham County, Georgia, and the district attorney of that court has participated in regard to this case. As a matter of fact, the offi-

cers of said court have directed that said detainer be expunged. As to petitioner's prayers for a speedy trial, however, it was indicated to this court he would be granted a trial on January 10, 1973, but apparently there has been a change of minds as to that matter and petitioner is still without a trial, though allegedly having demanded a trial and certainly his proceedings in this case manifest a great desire upon his part for a trial of the charges. However, for reasons hereafter set forth this court will have to remand this matter to Judge of the Superior Court of Chatham County, Georgia.

The other detainer was filed by the Sheriff of Bibb County, Georgia, based upon the failure of petitioner to pay child support as ordered by court (name of court not stated in the detainer). This court directed an order be issued requiring the respondent Henderson to answer as to each detainer, and his answer indicated he had no objection to any of the prayers of petitioner. Consequently this case will be treated as though the only respondents are those who filed detainers.

■ Sheriff Bloodworth responded denying that petitioner had made a demand for a speedy trial, stating that petitioner will be afforded a hearing on the charge in question upon his release by Warden Henderson and upon petitioner's return to Bibb County. How a sheriff may know when a party will be given a trial is difficult to understand unless he knows the mind of his judge. This court is concerned by the fact that each respondent is professing to advice this court what will be done about the pending cases against petitioner and the judges involved, the only ones who can give a responsible answer to the problem, have not yet been given an opportunity to make the vital decisions concerned, to-wit as to whether and when petitioner will be granted a speedy trial pursuant to the Sixth Amendment of the United States Constitution made applicable to the states by the Fourteenth Amendment. That is to say, the disposition of these two actions involved herein must be controlled by principles of comity which demand that federal courts do not intervene in matters which are pending or will pend in state courts without first giving judges of the state courts the opportunity to pass upon the same. This principle has been clearly explained and applied by the Fifth Circuit Court of Appeals in cases cited below.

### DOCTRINE OF COMITY: EXHAUSTION OF STATE REMEDIES

In the case of Lawrence v. Blackwell, 298 F.Supp. 708 (N.D.Ga.1969), the following language appears (p. 716):

"[I]n the federal system, motions to dismiss the indictment for unnecessary delay in trial are addressed to the trial court. (Rule 48(b) F.R.Cr. Proc. and cases cited). Considerations of federalism and peculiar state statutes on the question of speedy trial make this rule particularly appropriate in cases, such as this one, where a state charge is pending. A state trial judge, not a federal district court, should initially decide the question of denial of the right to speedy trial. A second consideration in our decision was the common practice of federal courts, in the pre-Smith v. Hooey (393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607) era, to permit prisoners to raise the speedy trial question at the state court level when they were actually tried" (298 F.Supp. 716).

In the case of Varallo v. State of Ohio, 312 F.Supp. 45, 48 (E.Dist. of Texas, 1970) the United States District Court stated that there is no doubt that a petitioner in such cases must have exhausted all available state remedies, including right of appeal from denial of collateral relief in a state court. Subsequently the Court of Appeals cited the Varallo case with approval in the case of Reed v. Henderson, 5 Cir., 463 F.2d 485.

In Varallo, supra, it was indicated the relief that he sought in the state court was by demanding a speedy trial in such

court and upon the refusal of the same to file a mandamus against the trial judge. A ruling by the highest court in such state on the prayers of petitioner for a mandamus will constitute an exhaustion of state remedies and thereupon open the doors of a United States District Court to the petitioner.

## JURISDICTION OF THIS COURT

This case is not controlled by the principles of law and the apparent conflict arising in the cases of Word v. North Carolina, 4 Cir., 406 F.2d 352 and George v. Nelson, 410 F.2d 1179 (9th Cir., 1969), where detainers from other states are filed against federal prisoners and jurisdiction is claimed in the state of confinement upon the theory that the custodian in such state is the agent of the non-resident officer who filed the detainer, thereby giving jurisdiction over the latter for purposes of attacking a conviction in the demanding state.

 Not until petitioner has exhausted his state remedy in Bibb County and in Chatham County would a federal court have jurisdiction. However, jurisdiction over respondent Bloodworth in Macon, Georgia, would be vested in the United States District Court for the Middle District of Georgia, and jurisdiction over respondent Weaver would be vested in the United States District Court of the Southern District of Georgia, and under no theory of law would there be jurisdiction by this district in the instant case.

 It follows that this case must be dismissed for lack of jurisdiction and the petitioner relegated to the remedies provided him under the laws of Georgia. His first step would be to file in each of the Georgia courts involved a written demand for a speedy trial and a request of the trial judge to appoint counsel for petitioner at such trial. It is recommended that petitioner send such demand to a judge of said court by certified mail. Such demand need not be pursuant to that required by the Georgia Code which requires the presence of petitioner in the court. This court is confident that each of said judges will cooperate with petitioner by reason of petitioner's apparent indigency and lack of legal knowledge.

If denied a speedy trial by the state judges petitioner's remedy is to file a mandamus proceeding with the Georgia Supreme Court seeking to obtain an order requiring the grant of a speedy trial.