SáAd EL–AMIN

v.

**The Honorable James B. WILKINSON et al.**

Civ. A. No. 77–0249–R.

United States District Court,
E. D. Virginia,
Richmond Division.

July 24, 1978.

Robert P. Geary, Richmond, Va., for plaintiff.

James E. Kulp, Asst. Atty. Gen. of Va., Richmond, Va., Scott H. Swan, Asst. Commonwealth's Atty., City of Richmond, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

On 12 September 1974 plaintiff was convicted in the Circuit Court of the City of Richmond, Virginia, of the misdemeanor of divulging information concerning a complaint before the Judicial Inquiry and Review Commission in violation of Va.Code § 2.1–37.13. Plaintiff's petition for appeal of this conviction was denied by the Supreme Court of Virginia. Plaintiff did not seek review of his conviction in the United States Supreme Court. On 6 May 1977 plaintiff filed a petition for a writ of habeas corpus in this Court, naming the judge of the court in which he was convicted and the clerk of that court as respondents, and alleging that his conviction was illegal and unconstitutional as a violation of his right to free speech. By order of 23 November 1977 this Court dismissed plaintiff's petition for a writ of habeas corpus, and granted plaintiff leave to file an amended complaint for declaratory judgment. The parties have filed cross-motions for summary judgment which are now ripe for disposition. Because the Court is of the opinion that it lacks subject matter jurisdiction over this complaint the action must be dismissed. Fed.R.Civ.P. 12(h)(3).

■ It is plain at the outset that the ground for jurisdiction set out by the plaintiff in his amended complaint is insufficient. Plaintiff invokes the jurisdiction of this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Act is not a grant of jurisdiction to the federal court, but merely makes available an additional remedy where jurisdiction already exists. 10 Wright & Miller, Civil, § 2766–67. Nowhere in his subsequent pleadings or briefs does the plaintiff identify the statutory ground upon which the jurisdiction of this Court may be based. The Court believes that a proper allegation of jurisdiction might have cited 28 U.S.C. § 1343(3), which gives district courts jurisdiction over an action to redress the deprivation, under color of State law or custom, of any right, privilege or immunity guaranteed by the Constitution. *See Paul v. Dade Cty.*, 419 F.2d 10 (5th Cir. 1969).

■ Plaintiff seeks in this action for the Court to declare that his misdemeanor conviction for violation of Va.Code § 2.1–37.13 was unconstitutional. Plaintiff would also have the Court to require defendants to pay back to plaintiff the fines and costs assessed as a result of that conviction. Essentially, plaintiff asks the Court to overturn his 1974 State court conviction on grounds that the statute under which the conviction was obtained is unconstitutional. In order for this Court to entertain this action, it must have jurisdiction to review the judgment of conviction complained of by plaintiff either by way of appeal or by way of habeas corpus. Because this Court has no power to review the judgment complained of under either theory of jurisdiction, this action must be dismissed.

In *Maurice v. Board of Directors*, 450 F.Supp. 755 (E.D.Va.1977) this Court held, on the doctrine of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), that an action challenging a judgment of the Virginia Supreme Court removing a State court judge from office must be dismissed because a district court has no power to entertain a proceeding to reverse or modify the judgment of a State court.

The same principle requires that this action be dismissed.

Plaintiff argues that in an appropriate case an action for a declaratory judgment will lie to attack a State court conviction where relief by way of habeas corpus is unavailable. Plaintiff bases this argument upon *Braden v. 30th Judicial Circuit Court of Kentucky*, 454 F.2d 145 (6th Cir. 1972) *rev'd on other grounds*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In *Braden* the 6th Circuit considered an Alabama prisoner's challenge to a Kentucky indictment which was the basis for a detainer against him in Alabama. The Court of Appeals denied habeas corpus relief, but suggested that the prisoner may be entitled to relief in the nature of a declaratory judgment. In *Braden*, however, there was no judgment of conviction entered against the plaintiff. *Braden* challenged a State *indictment*, not a State conviction. Thus, no *Rooker* problems would have been raised by the suggested declaratory judgment complaint.

Plaintiff has cited to the Court no case in which a petitioner who was ineligible for habeas corpus relief because he was not in custody has been permitted to attack the validity of a State court conviction by way of a federal declaratory judgment action. Plaintiff argues, however, that not to allow this procedure would result in an anomaly in that those State court defendants who were in "custody" could contest the constitutionality of their State court conviction in a federal district court by way of a writ of habeas corpus, while those who were not in "custody" could not contest the constitutionality of their conviction in a federal court by any means.

■ The Court does not, however, find this result at all anomalous. As the Supreme Court has said, "Habeas lies to enforce the right to personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the State court judgment, it can act only on the body of the petitioner." *Fay v. Noia*, 372 U.S. 391, 430–31, 83 S.Ct.

822, 844, 9 L.Ed.2d 837 (1963). Where a defendant is not in custody, habeas corpus jurisdiction does not attach and a defendant may only challenge the constitutionality of the statute under which he was convicted by way of appeal to the highest court of a State and thence by way of appeal to the Supreme Court of the United States. 28 U.S.C. § 1257(2). Although plaintiff had an absolute right to present his constitutional claim to the United States Supreme Court after his petition for appeal to the Virginia Supreme Court was denied, plaintiff chose not to do so. By so doing, he by his own choice forfeited his opportunity to have his federal claim heard by a federal tribunal. He cannot now seek to have the claim which was rejected by the State court relitigated in this Court by way of an action for declaratory judgment.

Accordingly, this action is dismissed for want of subject matter jurisdiction. An appropriate order shall issue.