Leo J. **PERK**

v.

Harry Lee **CARRICO.**

Civ. A. No. 83–0741–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 25, 1984.

Leo J. Perk, pro se.

John A. Gibney, Asst. Atty. Gen., Richmond, Va., for defendant.

## OPINION

WARRINER, District Judge.

Plaintiff, ostensibly proceeding *pro se* before this Court, complains that he was an appellant before the Supreme Court of Virginia seeking to reverse an adverse judgment of the Circuit Court of Gloucester County, Virginia. He says that he was denied an opportunity to present oral argument before the Supreme Court of Virginia, that he was denied a determination respecting his petition for appeal by a judicial officer, and that the method devised by the defendant for dealing with appeals by means of administrative, rather than judicial determinations all denied plaintiff rights secured him by the Fourteenth Amendment and other provisions of the United States Constitution.

Defendant has moved the Court to dismiss the action or, in the alternative, to grant summary judgment. Plaintiff has moved for a continuance under Rule 56(f) to conduct discovery for purposes of contesting the factual assertions supporting defendant's motion for summary judgment. In support of his motion to dismiss or for summary judgment defendant has filed a number of exhibits and affidavits. Defendant's brief meets certain claims advanced by plaintiff on their merits and also argues immunity under the Eleventh Amendment and the doctrines of judicial and legislative immunity.

I think counsel for defendant wholly misses the mark. This Court does not sit to review decisions of the Supreme Court of Virginia. In our federal system the only court permitted to sit in judgment on the Supreme Court of Virginia is the Supreme Court of the United States. Plaintiff says that he sought to appeal a case to the Supreme Court of Virginia and that that court denied him certain rights protected by the United States Constitution. This presents nothing more than a routine case for review by the Supreme Court of the United States.

The fact that counsel for the defendant did not readily realize such to be the case and thus did not present an argument going to the jurisdiction of the court gives me pause. Accordingly, I have reviewed my opinion in *Maurice v. Board of Directors*, 450 F.Supp. 755 (E.D.Va.1977), followed, *El-Amin v. Wilkinson*, 454 F.Supp. 804 (E.D.Va.1978) and the authorities therein discussed. Reevaluating that opinion I still believe it to be sound and compelling and controlling in this case. This Court simply has no jurisdiction to determine whether the Supreme Court of Virginia erred in its handling of plaintiff's appeal from the Circuit Court of Gloucester County. Being without jurisdiction, I have no call or right to delve into questions of judicial immunity, abstention, a putative right to oral argument, and the like. Fed.R.Civ.P. 12(h)(3). My views on whether plaintiff received due process and equal protection of the laws, in the absence of jurisdiction, are of no more significance than that of the man in the street.

Having determined there is no jurisdiction there is only one thing to do. The action will be DISMISSED.

And it is so ORDERED.