35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank G. HALL; Phillip Wayne Pomeroy; Alvin Vonner,
Plaintiffs-Appellants,
Andrew R. Young, et al., Plaintiffs,
v.
Christine J. BRADLEY; Jim Thrasher; Charles White; Mary
B. Leibowitz; Edith Hammons; Tom P. Thompson,
Jr., Defendants-Appellees.
 No. 94-5245.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Several pro se plaintiffs, currently inmates of the Tennessee Department of Corrections, appeal a district court order denying their request for a declaratory judgment pursuant to 28 U.S.C. Sec. 2201. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In their "petition" for a declaratory judgment filed in district court, the plaintiffs requested the court to declare that the actions of the Tennessee Parole Eligibility Review Board (PERB) have not been in compliance with the state's Sentencing Reform Act of 1989. Tenn.Code Ann. Sec. 40-35-602(a). The Tennessee statute to which the prisoners refer requires that the PERB review sentences of offenders convicted under state law as habitual criminals in order to determine whether those prisoners should be granted a release eligibility date comparable to the release date they would have had if convicted and sentenced for the triggering offense under the state's Reform Act of 1989. The prisoners claim that the defendants have intentionally delayed review of their sentences. Thus, they complain that their release eligibility dates have not yet been amended, as required by the statute. The district court dismissed the case for lack of subject matter jurisdiction.
 
 
 3
 On appeal, the prisoners present the same arguments they presented to the district court in support of their petition for a declaratory judgment. They contend that the Declaratory Judgment Act may be used to ascertain their rights, because that Act should be "liberally construed" to obtain that objective. Because only three of the original plaintiffs signed the notice of appeal, these are the only parties now properly before this court as appellants in this case. See 28 U.S.C. Sec. 1654; Huessner v. National Gypsum Co., 887 F.2d 672, 675 (6th Cir.1989).
 
 
 4
 It is well established in this circuit that a declaratory action cannot be used as a substitute for the statutory habeas corpus procedure. Braden v. 30th Judicial Circuit Court, 454 F.2d 145, 148 n. 1 (6th Cir.1972), rev'd on other grounds, 410 U.S. 484 (1973). Under Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), if a prisoner challenges the fact and duration of his confinement and seeks a speedier or immediate release, his sole remedy is by way of a petition for a writ of habeas corpus. See also Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984). Because the petition challenges the length of each prisoner's confinement, the district court appropriately applied Preiser to conclude that the court lacked declaratory judgment jurisdiction. Moreover, even if jurisdiction were proper, the defendants were requesting that the district court direct state officials to conform their conduct to state law; an order to that effect would be prohibited under the Supreme Court's holding in Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 117 (1984).
 
 
 5
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.